**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROSE CONTAINERLINE, INC., | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 10-4345 (WHW) |
| | : | |
| OMEGA SHIPPING CO., INC.; BOAZ AVIANI, individually; and JOHN HANCZOR, individually; j/s/a/ | : | |
| | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

Defendants Boaz Aviani and John Hanczor move for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(2). It is unclear exactly what the defendants are being sued for, since there are no causes of action identified in the complaint. However, to the extent that the plaintiff seeks to hold the individual defendants liable on any claim, the defendants argue that the allegations in the complaint are insufficient to pierce the corporate veil. Plaintiff Rose Containerline, Inc. ("Rose Containerline") opposes the motion. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motion is decided without oral argument. Defendants' motion for judgment on the pleadings is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual circumstances of this case are not well pled nor well briefed. To the best of the Court's knowledge, this case arises out of a contract for the transportation of goods via ocean

1

**NOT FOR PUBLICATION**

freight between Rose Containerline and Omega Shipping Co. ("Omega"). During the relevant period, defendants Boaz Aviani and John Hanczor were the principal officers, owners and shareholders of Omega. (Answer, ¶¶ 3, 4.)

On or about September of 2008, the defendants contracted with the plaintiff for the transportation of twenty-two containers from Limestone, Maine, USA, to Dubai, UAE. (Compl. "First Count" ¶ 2.)[1] These containers were to be transported across the ocean by a carrier steamship line, Mediterranean Shipping Co. (Compl. ¶ 3.) The items being shipped were used engine blocks. (Compl. Ex. A.) The Court can only surmise that the engine blocks fell during transport, since it is alleged that the defendants did not "properly block/stack/and or brace the cargo prior to shipment." (Compl. "First Count" ¶ 6.) The Court again assumes that, once the engines fell, they leaked some unidentified hazardous substance into the containers. It is alleged that the defendants "were aware of the hazardous nature of the cargo," (Compl. "Second Count" ¶ 3), "fail[ed] to properly drain the cargo," (Compl. "Second Count" ¶ 4) and "failed to notify plaintiff of the hazardous nature of the cargo." (Compl. "Second Count" ¶ 1.)

In June of 2009, the parties attended mediation conducted by the Federal Maritime Commission. (Df. Opp., Aviani Cert. at ¶ 10, Ex. E). As a result of this mediation, Omega agreed to pay $17,000 toward the cost of cleanup. (Id.) It is disputed whether this payment was made. Mediation efforts failed, and the plaintiff now claims damages totaling $127,297.60. (Compl. "Eighth Count" ¶ 2.) The plaintiff alleges that it was cited and fined by the United States Coast Guard (Compl. "First Count" ¶ 11, Ex. B), and also alleges that this incident has "caused [it] to suffer various legal fees and expenditures to the steamship line and the authorities." (Compl. ¶¶ 12, 13.)

---

[1] Because the numbering of the paragraphs in the complaint begins anew with each "Count," the Court identifies the "Count" of the complaint cited.

**NOT FOR PUBLICATION**

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) provides, in pertinent part, that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The pleadings are "closed" after the complaint and answer are filed, along with any reply to additional claims asserted in the answer. See Owens v. Horn, No. 02-cv-0356, 2006 WL 1620220, at * 1 (M.D. Pa. June 7, 2006); Williams v. Walnut Park Plaza, 68 F.Supp. 957, 958 (E.D. Pa. 1946); Fed. R. Civ. P. 7(a).

"The standard applied to a Fed.R.Civ.P. 12(c) motion for judgment on the pleadings is similar to that applied to a Fed.R.Civ.P. 12(b)(6) motion to dismiss." Haynes v. Metro. Life Ins. Co., 94 Fed. App'x 956, 958 (3d Cir. 2004) (citing Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)). "In reviewing the grant of a Rule 12(c) motion, [the court] must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the non-moving party." Bayer Chems. Corp. v. Albermarle Corp., 171 Fed. App'x 392, 397 (3d Cir. 2006) (citations and quotations omitted). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." Id. at 397 (quoting Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999)).

Moreover, as with a Rule 12(b)(6) motion, in deciding a Rule 12(c) motion, the court generally does not consider matters outside the pleadings. Mele v. Fed. Reserve Bank of New York, 359 F.3d 251, 257 (3d Cir. 2004). The court, however, may consider matters of public record, orders, and exhibits attached to the complaint. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also Lo Sacco v. City of Middletown, 745 F.Supp. 812, 814 (D.Conn. 1990); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004).

**NOT FOR PUBLICATION**

## JURISDICTION

In the complaint, the plaintiff invokes diversity jurisdiction pursuant to 28 U.S.C. §1332 (Compl. ¶ 1), and also invokes this Court's admiralty jurisdiction. A suit can be brought under diversity and "also be sustained under . . . admiralty jurisdiction by virtue of the maritime contracts involved." Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 23 (2004) (citing Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 411 (1953)). In order to ascertain whether a contract is a maritime one, "the answer 'depends upon . . . the nature and character of the contract,' and the true criterion is whether it has 'reference to maritime service or maritime transactions.'" Id. at 24. (citations omitted). In Kirby, the Supreme Court found that the bills at issue were maritime contracts "because their primary objective [was] to accomplish the transportation of goods by sea from Australia to the eastern coast of the United States." Id. Here, the parties' primary objective was to transport goods by sea from Limestone, Maine to Dubai in the United Arab Emirates. The Court finds that the contracts at issue were maritime in nature and admiralty jurisdiction is properly invoked. As such, the matter is governed by federal admiralty law and not the law of New Jersey or any other state. See Pope, 346 U.S. at 410-11 (holding that courts apply substantive admiralty law to claims that sound in admiralty regardless of whether the complaint invokes diversity or admiralty jurisdiction); Gibbs v. Carnival Cruise Lines, 314 F.3d 125, 132 (3d Cir. 2002); Ednyak v. Atl. Shipping, Inc., 562 F.2d 215, 221 n.11 (3d Cir. 1977).

## DISCUSSION

### I.     Piercing the Corporate Veil

Plaintiff attempts to "pierce the corporate veil" and hold defendants Aviani and Hanczor personally responsible for Omega's actions. The totality of the allegations in this regard can be found in the "Fourth Count" of the complaint:

> 4. The aforesaid acts were undertaken by the individuals herein named with intent to limit their individual liability by undertaking such intentional acts by and through the corporation.
> 5. The individuals named herein should not be allowed to avail themselves of the protections of the corporate veil when they have engaged in conduct that is intentional, *ultra vires* and to the severe economic detriment of the plaintiff herein.
> 6. In light of the foregoing, the corporate veil should be "pierced" and liability should be visited upon the individual defendants named herein.

(Compl. "Fourth Count" ¶¶ 4-6.) The Court finds that the complaint fails to allege facts sufficient to establish any of the elements required for a veil piercing claim.

As noted, because this Court is sitting in admiralty jurisdiction, the law to be applied is federal common law. In order to pierce the corporate veil, the plaintiff "has the burden of establishing by a preponderance of the evidence, that the corporation was an artifice and a sham designed to execute illegitimate purposes in abuse of the corporate fiction and the immunity it carries." Zubick v. Zubick, 384 F.2d 267, 270 n.2 (3d Cir. 1967). This can be shown when an individual "uses the corporation to perpetrate a fraud, or so disregards the corporate form that the corporation primarily transacts their personal business." Sea Hunt Corp. v. O.S. Debraak Equip., Ltd., Civ. No. 87-4-CMW, 1992 WL 97370, at *12 (D. Del. Apr. 30, 1992) (citations omitted). "Disregard for corporate formalities is a basis for piercing the corporate veil," id. (citing American Bell Inc. v. Fed'n of Tel. Workers of Pa., 736 F.2d 879, 886 (3d Cir. 1984)), as is lack of capitalization. Id. (citing Anderson v. Abbott, 321 U.S. 349, 362 (1944)). "It is clear under federal maritime law that these are the prerequisites for piercing the corporate veil." Id. (citing Kirno Hill Corp. v. Holt, 618 F.2d 982, 985 (2d Cir. 1980)).

Here, the plaintiff's allegation that the defendants "inten[ded] to limit their individual liability" is meaningless, because "individuals may incorporate for the very purpose of avoiding personal liability." Kirno Hill, 618 F.2d at 985. The plaintiff's remaining allegations are

**NOT FOR PUBLICATION**

similarly devoid of relevant substance. The plaintiff has failed to allege any facts that establish unity of interest and/or ownership, or that Aviani and Hanczor used Omega's corporate form to perpetrate a fraud or injustice. The complaint does not allege undercapitalization, siphoning of funds, or a complete disregard for the corporate structure and record keeping. The only allegations in support of piercing the corporate veil are that the defendants have "engaged in conduct that is intentional, *ultra vires* and to the severe economic detriment of the plaintiff." These allegations are conclusory and unsupported by facts. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

The plaintiff attempts to include additional allegations in its opposition brief. Or, more accurately, there are additional allegations in an attached certification by Neal Rosenberg, the president of Rose Containerline. The certification alleges that the defendants are conducting business through a new corporation, Overseas Moving Specialists, Inc. (Pl. Opp., Rosenberg Cert. ¶ 3.) Mr. Rosenberg states that the new corporation has the same officers, telephone number, and website as Omega (id. at ¶ 4), and that the new corporation is paying the old corporation's debts. (Id. at ¶ 5.) The opposition brief submitted by the plaintiff contains one-and-a-half pages of legal argument, none of which responds to the defendants' arguments in their moving brief. The plaintiff does, however, argue that this Court can properly consider the allegations made in the certification. The plaintiff is wrong. On a motion to dismiss, the court can only consider the allegations contained in the complaint, and any matters or public record, orders or exhibits attached to the complaint. See CNA v. United States, 535 F.3d 132, 140 n.3

**NOT FOR PUBLICATION**

(3d Cir. 2008); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).  This Court cannot consider "after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)."  Frederico v. Home Depot, 507 F.3d 188, 201-02 (3d Cir. 2007) (citing Commonwealth of Pa. ex. rel Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988)).  "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  Id.  (citations omitted).

Furthermore, even if this Court could consider the allegations contained in the certification, those allegations would more properly be made in the context of successor liability than piercing the corporate veil.  See, e.g., Berg Chilling Sys., Inc. v. Hull Corp., 435 F.3d 455, 468 (3d Cir. 2006) (where "circumstances indicate that there was a *de facto* consolidation or merger of the corporations or that the purchasing company was a 'mere continuation' of the selling company, liability may attach.").

## II. Failure to State a Claim Under Rule 9(b)

The complaint is unclear in this regard, but to the extent that the plaintiff is attempting to circumvent the corporate veil by charging the individual defendants with fraud, those claims are similarly dismissed.  Federal Rule of Civil Procedure 9(b) requires "[i]n all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  The Third Circuit directs that:

> Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged. To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.

Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (internal quotation marks and citations omitted).  The complaint does not come close to meeting this stringent pleading

7

requirement.  The plaintiff alleges that "the corporate and individual defendant(s) intended to defraud the plaintiff and the steamship line as to the hazardous nature of the cargo and/or as the shipment of hazardous items."  (Compl. "Second Count" ¶ 14.)  However, the *only* factual allegation involving an individual defendant states that John Hanczor was present during the loading of the cargo.  (Compl. "Second Count" ¶ 7.)  The plaintiff has failed to allege that the defendants made any false statements or representations, much less who made the alleged statements and to whom.  See A-Valey Eng'rs, Inc. v. Bd. of Freeholders of Camden, 106 F. Supp. 2d 711, 716 (D.N.J. 2000).  The complaint is devoid of the averments required under Rule 9(b).

## CONCLUSION

The defendants' motion for judgment on the pleadings is granted, and plaintiff's complaint is dismissed without prejudice as against defendants Boaz Aviani and John Hanczor.

s/ William H. Walls
United States Senior District Judge