NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSE CONTAINERLINE, INC., | |
| Plaintiff, | **OPINION and ORDER** |
| v. | Civ. No. 10-4345 (WHW) |
| OMEGA SHIPPING CO., INC.; BOAZ AVIANI, individually; and JOHN HANCZOR, individually; j/s/a/ | |
| Defendants. | |

**Walls, Senior District Judge**

Plaintiff Rose Containerline, Inc. ("Rose Containerline") moves for default judgment against corporate defendant Omega Shipping Co., Inc. ("Omega"). The motion is unopposed. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court decides this motion without oral argument. The motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of a contract for the transportation of goods via ocean freight between Rose Containerline and Omega. On or about September of 2008, the defendants contracted with the plaintiff for the transportation of twenty-two containers from Limestone, Maine, USA, to Dubai, UAE. (Compl. "First Count" ¶ 2.)[1] These containers were to be

---

[1] Because the numbering of the paragraphs in the complaint begins anew with each "Count," the Court identifies the "Count" of the complaint cited.

NOT FOR PUBLICATION

transported across the ocean by a carrier steamship line, Mediterranean Shipping Co.  (Compl. "First Count" ¶ 3.)  The items being shipped were used engine blocks.  (Compl. Ex. A.)  The Court can only surmise that the engine blocks fell during transport, since it is alleged that the defendants did not "properly block/stack/and or brace the cargo prior to shipment."  (Compl. "First Count" ¶ 6.)  The Court again assumes that, once the engines fell, they leaked some unidentified hazardous substance into the containers: it is alleged that the defendants "were aware of the hazardous nature of the cargo," (Compl. "Second Count" ¶ 3), "fail[ed] to properly drain the cargo," (Compl. "Second Count" ¶ 4) and "failed to notify plaintiff of the hazardous nature of the cargo."  (Compl. "Second Count" ¶ 1.)

In June of 2009, the parties attended mediation conducted by the Federal Maritime Commission.  (Df. Opp., Aviani Cert. at ¶ 10, Ex. E).  As its result, Omega agreed to pay $17,000 toward the cost of cleanup.  (Id.)  Whether this payment was made is disputed.  Mediation efforts failed, and the plaintiff now claims damages totaling $127,297.60.  (Compl. "Eighth Count" ¶ 2.)  The plaintiff alleges that it was cited and fined by the United States Coast Guard (Compl. "First Count" ¶ 11, Ex. B), and also alleges that this incident has "caused [it] to suffer various legal fees and expenditures to the steamship line and the authorities."  (Compl. "First Count" ¶¶ 12, 13.)  The plaintiff seeks $76,480.60 in damages from the incident discussed above (Compl. "Third Count" ¶ 10), and also seeks $50,817.00 owed "on a separate book account."  (Compl. "Fourth Count" ¶ 2.)

## STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure governs a court's decision to grant default judgment.  Parties seeking default judgment are not entitled to such relief as a matter of right.  See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1303 (3d Cir. 1995).  The Clerk of

NOT FOR PUBLICATION

the Court must first approve plaintiff's request for entry of default, after which a court may enter default judgment. Fed. R. Civ. P. 55(a). To determine if default judgment should be granted, the court must ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Directv v. Croce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004). Courts should accept as true the well-pleaded factual allegations of the complaint, but need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). A court must "conduct its own inquiry 'in order to ascertain the amount of damages with reasonable certainty.'" Int'l Assoc. of Heat & Frost Insulators v. S. Jersey Insulation Servs., No. 05-3143, 2007 WL 276137, at *1 (D.N.J. Jan. 26, 2007) (quoting In re Indus. Diamonds, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

Once a legitimate cause of action is established, a court decides whether to issue a default judgment by looking at: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.2d 154, 164 (3d Cir. 2000). The issuance of default judgment is largely a matter of judicial discretion. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). This "discretion is not without limits," as the Third Circuit's preference is "that cases be disposed of on the merits whenever practicable." Id.

## DISCUSSION

### I. Service of Process

Proper service of process is required to establish personal jurisdiction over a defendant. Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir. 1991). Without personal jurisdiction, the Court cannot enter default judgment. Id. Rule 4 of the Federal Rules of Civil Procedure states

3

**NOT FOR PUBLICATION**

that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). On September 27, 2010, service of the Summons and Complaint was effectuated with respect to Omega by personally serving Boaz Aviani, a managing agent of Omega, in Kearny, New Jersey. (Press Cert., Ex. A.) Aviani accepted service on Omega's behalf. (Id.)

## II.  Jurisdiction

The Court has personal jurisdiction over Omega because its principal place of business is located in New Jersey. (Compl. "Parties" ¶ 2.) This Court also has subject matter jurisdiction pursuant to admiralty and diversity jurisdiction. See Rose Containerline, Inc. v. Omega Shipping Co., Inc., Civ. No. 10-4345, 2011 WL 1253849, at *2 (D.N.J. Mar. 28, 2011).

## III.  Breach of Contract

To state a claim for breach of contract, a plaintiff must allege: (1) a valid contract, (2) breach of that contract, and (3) resulting damages. AT&T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1990). The plaintiff asserts that "[o]n or about September of 2008, defendant(s) engaged the plaintiff for the transportation of twenty-two containers from Limestone, Maine, USA to Dubai, UAE." (Compl. "First Count" ¶ 2.) Second, plaintiff contends that the defendants breached the contract "by failing to disclose the nature of the cargo hereinquestion [sic], properly drain the cargo, properly brace/block the shipments and properly place the required placards as to the hazardous nature of the cargo. (Compl. "Third Count" ¶¶ 6-7.) Lastly, plaintiff alleges damages totalling $127,297.60. (Compl. "Eighth Count" ¶ 2.) The plaintiff's allegations satisfy the three elements of a breach of contract claim.

**NOT FOR PUBLICATION**

## IV. Propriety of Default Judgment

As discussed, Rose Containerline has properly served Omega with process. The Clerk of the Court entered default against Omega on January 20, 2011 (ECF No. 9), and the plaintiff has established a legitimate cause of action for breach of contract. The Court determines whether default judgment is appropriate, by evaluating: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164.

The Court finds that all three factors favor the granting of default judgment. First, the plaintiff will experience prejudice if default is denied. By failing to respond, Omega has prevented this action from moving forward, forced the plaintiff to incur additional costs, and delayed the plaintiff's recovery. See Teamsters Local No. 945 Pension Fund v. Garden State Hauling, LLC, Civ. No. 09-2938, 2009 WL 4730199, at *3 (D.N.J. Dec. 4, 2009) (finding prejudice to plaintiffs due to "plaintiff's inability to otherwise move forward in the litigation," "the incurrence of additional costs, including the costs of filing and briefing this motion," and delays in receiving payments owed.)

The second criterion for evaluating whether default judgment should be granted requires an inquiry as to whether the defendant appears to have a litigable defense. On November 17, 2010, Aviani and Hanczor filed an answer to the complaint, on behalf of themselves only. (ECF No. 8.) No answer has been filed on behalf of Omega, and a corporation may not appear *pro se*. United States v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996) (quoting Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993)). Omega's lack of representation cannot be due to lack of notice, because Aviani and Hanczor are clearly well aware of this matter. Omega has offered no defense, and the facts asserted in the complaint do not contain any information that

**NOT FOR PUBLICATION**

would provide the basis of a meritorious defense. The Court assumes that Omega has no litigable defenses available. See, e.g., Carpenters Health & Welfare Fund of Phila. v. NDK Gen. Contractors, Inc., No. 06-3283, 2007 WL 1018227, at *5 (E.D. Pa. Mar. 27, 2009) (finding that because defendant had filed no responsive pleading to the plaintiff's complaint, and the record did not indicate any litigable defense, the court must presume that the defendant had none.)

Finally, defendant's delay is the result of its own culpable conduct. The Third Circuit has defined culpable conduct as conduct "taken wilfully or in bad faith." Chamberlain, 210 F.3d at 164. Omega has had more than enough time to retain counsel and respond to this action, considering that its principal officers/owners have already done so. There is nothing in the record to suggest that the defendant's delay is due to anything but its own culpable conduct. See Platypus Wear Inc., v. Bad Boy Club, Inc., No. 08-2662, 2009 WL 2147843, at *15 (D.N.J. July 15, 2009) ("Plaintiff presented exhibits establishing that it properly served defendants. There is nothing before the Court to suggest that defendants' failure to respond to plaintiff's complaint was caused by anything other than defendants' own culpability and wilful negligence.").

## CONCLUSION

The Court grants the plaintiff's motion for default judgment, but reserves decision on its determination of damages sum certain. The documentation in front of the Court is insufficient and confusing. The plaintiff alleges that it is owed $76,480.60 in connection with the ocean freight incident (Compl. "Third Count" ¶ 10), but its supporting documentation does not reference the incident in any way. (Rosenberg Cert., Ex. A.) On the other hand, the plaintiff alleges that it is owed $50,817.00 on "a certain book account" (Compl. "Fifth Count" ¶ 2), without providing any additional information about the circumstances of the debt. However, the supporting invoice does appear to reference the ocean freight incident. It is dated October 31,

**NOT FOR PUBLICATION**

2008 and describes containers shipped from Limestone, Maine to Dubai.  (Rosenberg Cert., Ex. B.)  The plaintiff is ordered to provide the Court with additional clarifying information to justify the damages sought.

For the foregoing reasons, it is on this 25th day of April, 2011,

ORDERED that plaintiff Rose Containerline's motion for default judgment is GRANTED.  The plaintiff is ordered to provide the Court with supplemental information on damages before an award will be granted.

**s/ William H. Walls**
United States Senior District Judge
